■ In the Matter of HARRY ROBBINS et al., Doing Business as ROBBINS WINE COMPANY, Respondents, v. STATE LIQUOR AUTHORITY, Appellant.— Appeal from order, entered on March 19, 1965, dismissed as academic, without costs and without disbursements. No opinion. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.

■ In the Matter of HARRY ROBBINS et al., Doing Business as ROBBINS WINE COMPANY, Respondents, v. STATE LIQUOR AUTHORITY, Appellant.— Judgment annulling determinations by State Liquor Authority dated February 26, 1965 which disapproved petitioners' applications for renewal of a wholesale wine license and a winery license, and directing the Authority to issue said licenses, unanimously reversed, on the law, and the determinations of the Authority confirmed, with $50 costs to appellant. A criminal information against Harry Robbins, the sole active partner of petitioners' firm, by the United States Attorney for the Southern District of New York charged Robbins

in 22 counts with failure to file, within the time required by law, the semi-monthly tax returns which bonded wineries must file pursuant to Federal law. On May 15, 1964 Robbins pleaded guilty to eight counts of the information and was fined $2,000. In addition a tax penalty of $7,421.58 was imposed upon petitioners because of the late filing of the tax returns. At a hearing before the Authority on July 27, 1964, Robbins' attorney made the following statement: "With respect to Specification No. 2, Commissioner, the facts are that Mr. Robbins had a number of discussions with the postman who regularly delivered mail to his premises, and in the course of these discussions Mr. Robbins told the postman that he was in difficult financial straits during the period referred to and that he was going to have trouble paying the tax that was due on the wine tax returns. The postman offered to postmark certain of the envelopes in advance of the dates that the envelopes containing wine tax returns would actually be filed. Mr. Robbins agreed to this. The fact is that the envelopes referred to in the eight counts to which Mr. Robbins pleaded guilty were actually postmarked in advance of the dates when they were actually filed. In most instances the filing actually took place just a matter of days after the date of the postmark. Mr. Robbins did not offer nor did the postman ask for any gratuity for this postmarking arrangement. The only thing that the postman received was the regular Christmas gift, Commissioner, which he had received each year prior to that." Plainly, the foregoing facts furnished a reasonable basis for the Authority's conclusion that Robbins was unfit to hold a license and that the renewal applications of the firm of which he was sole active partner should be disapproved. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.